**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ALAN DECASSO, ET AL.,** | ) | **CASE NO.1:11CV2644** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **CITY OF CLEVELAND, ET AL.,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on the Motion of Defendants City of Cleveland, Karen Butler and Matt Carroll to Dismiss (ECF # 12). For the following reasons, the Court grants, in part, Defendants' Motion and dismisses, without prejudice, Count Two of Plaintiffs' Second Amended Complaint. The Court declines to exercise its supplemental jurisdiction over Plaintiffs' remaining state law claims and remands the case back to Cuyahoga County Court of Common Pleas for further adjudication.

## FACTUAL BACKGROUND

Plaintiffs Allan Decasso, Galina Banas, and R.B (Plaintiffs) allege, that, in October 2007, they drafted a neighborhood petition as to the intolerable noises and vibrations emanating from the Wyman-Gordon factory, in particular, its drop forge hammers. Wyman-Gordon is a drop die and forging factory. Plaintiffs allege that they were unable to garner a response from Wyman-Gordon and, as a result, turned to the City of Cleveland (the City) for relief. In January 2008, Plaintiffs secured a meeting with Councilman Anthony Brancatelli who promised to help remedy

the situation. In August 2010, the City conducted a noise and vibration study at the DeCasso home. Plaintiffs contend that the study indicated that the noises and vibrations emanating from Wyman-Gordon did, in fact, amount to a nuisance. Plaintiffs allege further that in November 2010, following the publication of the study, counsel for Plaintiffs sent a formal demand letter to the City to identify what steps it would take to remedy the situation, to which the City did not respond.

In November 2010, Plaintiffs filed a Complaint for injunctive relief and money damages against Defendant, Wyman-Gordon Forgings, Inc. The Complaint was filed on the grounds that Defendant Wyman-Gordon's operation of its drop forge hammers at night and on weekends constitutes a private, qualified nuisance.

In September 2011, Plaintiffs moved to amend their Complaint by adding Defendant City of Cleveland, Matt Carroll in his former official capacity as Director of Cleveland Department of Public Health, and Karen Butler, in her official capacity as Director of the Cleveland Department of Public Health. Defendant Carroll resigned from his position in January of 2011 and no longer works for the City. Carroll was replaced shortly after by Karen Butler. Thus, the City filed a Notice of Automatic Substitution of Defendant Matt Carroll under Fed. R. Civ. P. 25(d) simultaneously with its Motion to Dismiss.

The Amended Complaint against the City and its officials seeks declaratory judgment relief and money damages on the alleged grounds that the City's 1997 enactment of Ord. 1745-97 ("Zoning Ordinance") and decision not to enforce C.C.O. § § 203.01 and 203.02, ("Health Nuisance Ordinances") against Defendants constitutes a "Negligent Implementation of Policy."

Defendants then removed the case to federal court on December 6, 2011. On January 13 ,

2012, Defendants moved to dismiss Plaintiffs' Amended Complaint for failure to state a claim upon which relief can be granted. On February 23, 2012, the Court deemed filed as of that date, Plaintiff's Second Amended Complaint and further held Defendants' Motion to Dismiss was not rendered moot by the newly Amended Complaint since the amendments applied only to Defendant Wyman-Gordon. Furthermore, the Second Amended Complaint did not alter Plaintiffs' claims against the City or its principals. On July 2, 2012, Plaintiffs' dismissed their claims against Wyman-Gordon, leaving the City and its employees as Defendants. Therefore, the only federal claim presented is Count Two of the Second Amended Complaint.

## STANDARD OF REVIEW

### Civil Rule 12(b)(6) Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that " [a] pleading that states a claim for relief must contain...a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, to survive a Rule 12(b)(6) motion to dismiss, the pleading must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right of action. *See Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Instead, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 677. Determining the plausibility of a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

**LAW AND ANALYSIS**

Plaintiff alleges five separate claims against Defendants: (1) declaratory and injunctive relief as well as money damages for the nuisance against Wyman-Gordon only; (2) violation of the Fifth Amendment to the United States Constitution brought pursuant to 42 U.S.C. § 1983; (3) violation of Section 19, Article 1 of the Ohio Constitution; (4) failure to abate a nuisance in violation of Cleveland Codified Ordinances 203.01 and 203.02; and, (5) negligent implementation of policy. Defendants seek to dismiss Plaintiffs' Second Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

**Plaintiffs' Count Two Should be Dismissed Because They Failed to Exhaust State Law Remedies**

Defendants contend that because Plaintiffs failed to pursue the requisite mandamus relief their claim is not ripe or a cognizable cause of action. Plaintiffs, however, argue that mandamus is an extraordinary remedy and that seeking declaratory and injunctive relief, as well as money damages, is sufficient to exhaust available state remedies. A claim that the application of government regulations effects a taking of a property interest is not ripe until the government entity charged with implementing the regulations has reached the final decision regarding application of regulations to the property. *Williamson County Reg'l Planning Com'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 186 (1985). Furthermore, if a state provides adequate procedure for seeking just compensation for the taking of property, the property owner cannot claim a violation of the just compensation clause until it has used the procedure and been denied just compensation. *Id.* at 194. The proper procedure in Ohio is to seek a mandamus from state court directing state officials to institute eminent domain proceedings to determine just

compensation. *See Silver v. Franklin Twp. Bd. of Zoning Appeals*, 966 F.2d 1031, 1035 (6th Cir. 1992). "For an alternate remedy to constitute an adequate remedy so as to preclude the requested extraordinary relief in mandamus, it must be complete, beneficial, and speedy. *State ex rel. Gilmour Realty, Inc. v. Mayfield Hts.*, 119 Ohio St.3d 11 (2008).

In *Gilmour*, the court found that plaintiff's pending action for declaratory and injunctive relief was not a complete remedy because it "cannot compel the city to commence an appropriation proceeding for the property allegedly taken." *Gilmour*, 119 Ohio St.3d at 13. Plaintiffs attempt to distinguish the present case by pointing out that the plaintiff in *Gilmour* did not seek money damages, whereas here, Plaintiffs do. However, the *Gilmour* Court then held that such action can only be complete if it is "coupled with ancillary extraordinary relief in the nature of a mandatory injunction to compel the city to institute appropriation proceedings." *Gilmour*, 119 Ohio St.3d at 13. In addition, the court stated that "a request for money damages against a municipality in a declaratory judgment action challenging the validity of a rezoning ordinance is precluded." *Id.* at 15. Plaintiffs have not obtained a mandatory injunction to compel the City to institute appropriation proceedings nor have they cited any authority that supports their proposition. As a result, Count Two of Plaintiffs' Amended Complaint is dismissed, without prejudice, because they failed to exhaust state law remedies.

Because Count Two of Plaintiffs' Second Amended Complaint was the only claim giving the Court original jurisdiction to hear this matter, the Court's authority to hear Plaintiff's remaining state claims is pursuant to its supplemental jurisdiction. *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966), 28 U.S.C. § 1367(c). The Court is given broad discretion over its decision to exercise its supplemental jurisdiction. See *Cirasuola v. Westrin,* No. 96-1360, 1997

WL 472176, at *1 (6th Cir. Aug.18, 1997)(" the [C]ourt has discretion to decline to exercise its supplemental jurisdiction."). "[W]hen deciding whether to exercise supplemental jurisdiction, a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 173 (1997). In light of the above factors, the Court declines to exercise its discretion over the remaining state claims. Plaintiff's claims implicate Ohio constitutional questions, municipal ordinances and state torts all of which are most appropriately heard at the state court level. Therefore, the Court remands the case back to Cuyahoga County Court of Common Pleas for further adjudication.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

DATED: August 16, 2012